W. H. STIVERS AND JAMES FOWLER, Appellants, v. FRED. H. GARDNER AND ADA GARDNER.

**Estoppel:** DISCLAIMER OF INTEREST. One who has induced another to purchase land by a statement that he had no interest therein, and received part of the purchase-money, is estopped to claim any interest in the land, subsequently.

*Appeal from Tama District Court.*—HON. J. R. CALD-WELL, Judge.

MONDAY, FEBRUARY 1, 1897.

IN September, 1893, appellants brought this action in the Tama district court for the partition of certain real estate. It was alleged that one Caroline Scotthorn had died, seized of said lands; that T. K. Scotthorn, her husband, and three children, Louisa May Mitchell, Robert Scotthorn, and T. H. Scotthorn, survived her; that said Louisa May Mitchell and Robert Scotthorn had quitclaimed their interest in said land to the defendant herein; that T. K. Scotthorn did not consent to the provisions of the will, nor did he enter consent thereto upon the records of the court.

Thereafter T. K. Scotthorn married one Martha J. McCormick, and they conveyed their interest in said land to plaintiffs. Plaintiffs claim an undivided one-third interest in said premises, and pray for partition thereof. The defendants answered, denying plaintiff's alleged interest in the land. They also pleaded a prior adjudication, and in another count, facts claimed to estop the plaintiffs from claiming any interest in the land, and in still another count, they pleaded that T. K. Scotthorn accepted under the will of his wife; which gave him a life interest in the estate so long as he remained unmarried; that he had since married; and that his interest was thereby terminated. Plaintiffs denied the alleged adjudication, denied the truth of the facts alleged as an estoppel, and also denied the allegations touching acceptance under the will by T. K. Scotthorn. The cause was tried to the court, and a decree entered against the plaintiffs, from which they appeal.—*Affirmed.*

*W. H. Stivers* and *James Fowler pro se.*

*Struble & Stiger* for appellees.

KINNE, C. J.—Under our view of this case we need consider but one question made, and that is, whether facts constituting an estoppel as against T. K. Scotthorn, the plaintiffs' grantor, have been established. If such facts are proven, then plaintiffs have no interest in this land, regardless of the prior adjudication pleaded, or of the alleged acceptance by said Scotthorn under the will of his former wife. While the evidence is conflicting, still we think the district court might well find, from the evidence, as plaintiffs claim it in fact did, that T. K. Scotthorn had, by his acts, estopped himself from claiming any interest in the land. We do not, in such cases, enter into an

elaborate discussion of the evidence upon which our conclusions are based. The evidence satisfies us that the defendant, Gardner, when he purchased the interest of Robert Scotthorn, the son, in this land, did so at the instance and request of the father, T. K. Scotthorn, and that before said purchase was completed, T. K. Scotthorn expressly disclaimed having any interest in the land. While it is true that Gardner had been advised that, under the terms of the will, said Scotthorn had no interest in the land, and so believed, still we think the facts were such as to authorize the purchaser to rely upon Scotthorn's statement, and that he did so. Scotthorn's acts, immediately following the transfer, in delivering up possession of the property, tend to support defendants' claim. Furthermore, it appears that Scotthorn himself was to receive a part of the purchase money which was paid by Gardner for his son, Robert's, interest in the land. From the evidence it appears that Gardner made the purchase of Robert's interest in reliance upon the statements of T. K. Scotthorn that he had no interest in the land. That he made such statements we have no doubt, and he ought not now to be permitted to say that he did not, to the prejudice of Gardner, who purchased in reliance thereon. The decree below is AFFIRMED.